IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KEITH EDWARD BULLIS, PRO SE, | § | |
| TDCJ-CID #1361111, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:06-CV-0215 |
| | § | |
| T. SIMMONS, F. BAXTER, | § | |
| MS. NFN LARUE, and | § | |
| BRAD LIVINGSTON, | § | |
| | § | |
| Defendants | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff KEITH EDWARD BULLIS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

Plaintiff appears to claim the defendants have been deliberately indifferent to his serious medical need for colostomy supplies and have placed his life in danger. Plaintiff requests an award of $250,000.00 for "suffering and personnel [sic] anguish" and that "new policies [be] put in place."

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

In response to Question no. III of the complaint form inquiring whether plaintiff has exhausted both steps of the grievance procedure, plaintiff marked the box indicating, "yes" and added the following interlineated remark, "I cannot get a response to my step 2 grievance but have response to 2 step 1 grievances."

"A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired." *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999); *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998)(available administrative remedies exhausted when time limits for prison's response set forth in the prison Grievance Procedures have expired).

By his complaint, plaintiff alleges he filed a Step 1 grievance on 7/13/06, to which he received a response on 8/4/06. Plaintiff also alleges he submitted a Step 1 grievance no. 2006206673 on 7/28/06, to which he received a response on 7/31/06. Plaintiff further alleges he submitted a third Step 1 grievance on 7/31/06, but does not indicate he ever received a response. Lastly, plaintiff states, "I have not received an answer to the Step 2 grievance and don't feel I will." Plaintiff does not specify which grievance he appealed to Step 2, when he submitted it, what its contents were, or why he doesn't feel he will receive a response.

Review of the current version of the Inmate Orientation Handbook, printed November, 2004, at Section VI.(B), page 52, reveals that "[t]he Step 2 process may take up to 35 days to provide you a written response.[3]" The file-stamped date on plaintiff's complaint is August 17, 2006. The earliest Step 1 grievance response alleged by plaintiff was on July 31, 2006. Even if

---

[3]Subsection VI.(D) also provides that "[a]dditional time may be required in order to conduct an investigation at either Step 1 or Step 2 and in either case, you will be notified of the extension in writing." Plaintiff does not indicate whether he was informed of any extension in connection with his Step 2 grievance(s).

the Court assumes this is the grievance which plaintiff pursued to Step 2 and further assumes plaintiff submitted that grievance on July 31st, plaintiff filed suit in federal court sometime before August 17th[4], well before expiration of the prison's time for response to any possible Step 2 grievance. Therefore, plaintiff has clearly failed to exhaust administrative remedies before filing suit in federal court.

By choosing to file and pursue suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Plaintiff's claim is barred by his failure to comply with the section 1997e exhaustion of administrative remedies requirement before filing the instant suit challenging prison conditions. Further, because it presently lacks an arguable basis in law, it is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED

---

[4] The "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72, 108 S.Ct.2379, 2382-83, 101 L.Ed.2d 245 (1988).

AS FRIVOLOUS AND WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b).  *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   5th   day of September, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE